O’Connell, J.
The plaintiff brings suit to enjoin the defendant company from 'continuing with certain proceedings in condemnation instituted by the company, wherein the company seeks to have assessed the compensation to be paid the different parties in interest for an easement sought by the defendant company in certain *434 streets and over and across the public landing in.this city for its use as a railroad company. ■ ■
The plaintiff alleges that the board of directors of the company declared, that in the judgment of the said board it is necessary “to use and occupy for an elevated track a portion of the common or public landing of the city of Cincinnati, Hamilton county, Ohio, which common or public landing was dedicated to the public perpetually to be used as a common in January, 1789”; and also “to cross certain streets with said elevated track and place supports therefor within the lines of the said streets”; and also, “to maintain piers and supports for the said elevated track, and to appropriate an easement across the said public landing for the construction, maintenance and use of the said elevated track and piers and supports therefor. ’ ’
Plaintiff further alleges that the defendant company has heretofore submitted to the city council “general plans of the proposed structure showing the manner, character and location of all supports, any part of which will be upon said common or public landing, and showing the vertical and longitudinal clearances between the said supports.” “Thereupon council of the said city of Cincinnati undertook to agree with the defendant upon the manner, terms and conditions upon which the property which the defendant had declared to be necessary to be appropriated might be used or occupied,” “and the said council passed an ordinance undertaking to approve the said plans, which ordinance was duly passed by a two-thirds vote of council and approved by the mayor.” And “thereafter the said ordinance was duly accepted by the defendant.”
The plaintiff further alleges that “within sixty days after the said' acceptance there was filed with the mayor of the said city a petition protesting against the grants contained in the said ordinance, which said petition was signed hy a number of electors of said city in excess of ten per cent, of the number of votes cast for mayor at the last preceding election for mayor. Thereupon the mayor certified the fact of the filing of said petition to the proper election officials. No general election has occurred since such certificate was filed, and the question whether such grants shall be made has therefore not been submitted to *435 the electors of said city of Cincinnati. Notwithstanding the filing of the said petition and the certificate -of the Same to the proper election officials, the said defendant is about to and will, unless restrained, construct its road over the said streets and place supports within the lines of the said streets in accordance with the pretended grant of the aforesaid ordinance of council. ’ ’
The plaintiff further alleges that “the defendant has filed an action in the Court of Insolvency of Hamilton County, Ohio, for the purpose of appropriating and easement. ” „
By reason of the foregoing allegations the plaintiff contends:
First. ‘ ‘ Council had no authority to pass the ordinance aforesaid for the reason that the statutes under which the above described proceedings were had are, in so far as they apply to the said common or public landing, in violation of Section 10, Article I of the Constitution of the United States, inhibiting a state from passing a law impairing the obligation of contracts, also in violation of Article JI of the Ordinance of 1787, and also in violation of the Constitution of the state of Ohio. ’ ’
Second. “By reason of the filing of the protest above described the said defendant has no authority to proceed to build the piers in the streets, or to prosecute its action -to appropriate, until the question whether the purported grants in the said ordinance shall be made shall have been submitted to the electors of the said city at the next general election by the proper election officials, in accordance with the statute in such case made and provided.”
To this petition the defendant company filed a general demurrer.
It is the contention of the plaintiff that the railroad company acquired the right to cross the streets and public landing through these concurrent proceedings of the city council and its board of directors. That the ordinance of approval passed by the city council, and the acceptance of the ordinance by the directors of the railroad company, constitute the concurrent action by means whereof the right of the company to proceed accrued. The plaintiff contends that the said ordinance constitutes the grant to it of the right to proceed with the contemplated improvement. It asks the court to enjoin further proceedings under the *436 “purported grants” until the matter can be submitted' to a vote of the people.
The defendant contends that it is proceeding under and by virtue of Sections 3283 and 3283a of the Revised Statutes of Ohio, as passed May 9th, 1908 (99 O. L., 589). The enactment repealed Section 3283 of the Revised Statutes as it had stood since its original enactment in 1852.
A former effort on behalf of this defendant to construct an elevated track across this same public landing was1 perpetually enjoined by the Supreme Court of this state. The case is reported in 76 O. S., 481.
That attempt to cross the public landing was made under and. by virtue of Section 3283, Revised Statutes, as it stood prior to this amendment of May 9th, 1908. The law as decided by the court in that case must be taken, of course, as controlling the present case in so far as similar conditions exist. But it must be borne in mind that Section 3283 has been 'altered and amended since that case was decided, the decision having been rendered June 25, 1907.
' The railroad company does not acquire its right to cross the public landing from any ordinance or agreement with the city of Cincinnati through its council. It is proceeding to acquire the easement across the landing under and by virtue of the right of eminent domain conferred upon it by Section 3283.
The amended section as found in 99 O. L., 589, obviates the objections pointed out by the Supreme Court in 76 O. S., at page 498. Hence the company having agreed with the city as to the manner in which the work shall be done, has a right to proceed with its appropriation proceedings in the court of insolvency. In other words, the right to proceed has been conferred by the Legislature; the method or mode of procedure has been agreed upon with the city.
It is evident from the history of the legislation of Sections 3283, 3283a, 3283-1, as well as from a study of the language those sections, that Section 3283-1 does not apply to Section 3283 or 3283a. Section 3283-1 is complete in and of itself, not depending upon or being referable for explanation to either Section 3283 or Section 3283a. It appertains to the abolishment of grade cross *437 mgs by municipalities1 the initiative being in the municipalities. In Section 3283 and Section 3283a the initiative is in the board of directors of the railroad company. In the one case the board of directors determines to invoke the right of eminent domain for its own benefit. In the other the municipal authorities determine to abolish grade crossings for the benefit of the inhabitants. In such latter event the municipality may grant the right to the railroad company to place supports in the streets. In ease of the acceptance of such grant by the railroad company, then if more than ten per cent, of the electors of the municipality protest, a special election shall be held.
An examination of Section 3283-1 would indicate that its provisions are not applicable to this intent of the defendant company to cross the public landing.
Regardless of what the practical effect may be in the 'matter of placing supports in the public landing, this effort is not an endeavor on the part of the city and the defendant company to abolish a grade crossing.
The fact that the landing was dedicated in 1789 prior to the admission of the state of Ohio into the Union and while the Ordinance of 1787 was in -force and the Constitution of the United States not yet adopted, does not invalidate a grant claimed to arise under Sections 3283 and 3283a as being in violation of the contract'between the dedicators of the landing and the inhabitants of Cincinnati. The right of eminent domain existing in the people of the territory northwest of the Ohio river prior to the adoption of the Constitution and prior to the admission of Ohio as a State of the Union was as broad and as great as that which existed thereafter.
It can not be held that it must be confined in the narrow limits of the term “common preservation” which the framers of the ordinance -chose to use. It can not be held that they sought to curtail or abridge' their own power to exercise the right of eminent domain.
Sections 3283 and 3283a are not unconstitutional in that they (-as claimed by plaintiffs) enlarge the scope of the right of eminent domain as to this public landing beyond that existing in the year 1789 when the public landing was dedicated.
*438 The Constitution of Ohio of 1802 or of 1851 did not amplify or enlarge the powers asserted by the Ordinance of 1787. The Ordinance of 1787 merely omitted to mention powers inherent in the people which the framers of that ordinance did not see fit to enumerate in that instrument. But the power was inherent in the people nevertheless.
Sections 3283 and 3283a do not enlarge the scope of such right, nor did the Ordinance of 1787 abridge that right. It -existed though unexpressed in the language of the ordinance.
For the reason given herein, therefore, th'e demurrer to the petition should be sustained.